FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 06, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDA MCLEAN, as Administrator of the Estate of LEROY JERRED, deceased,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 2:23-cv-00300-SAB<br><br>**ORDER GRANTING JOINT MOTION FOR A PROTECTIVE ORDER** |

    Before the Court are the parties' Joint Motion for a Protective Order, ECF No. 22, and Stipulation for Protective Order, ECF No. 23. Plaintiff is represented by James Dore, Jr. Defendant is represented by Michael Mitchell. The motion and stipulation were considered without oral argument.

    The parties ask the Court to sign a Protective Order that was drafted and agreed to by the parties. They seek to protect information that may be shared in discovery and that is covered by the Privacy Act, 5 U.S.C. § 552a. Having reviewed the brief, law, and stipulation, the Court grants the motion and enters the Stipulation for Protective Order in its entirety, subject to any future order or modification by this Court.

//

**ORDER GRANTING JOINT MOTION FOR A PROTECTIVE ORDER \* 1**

Accordingly, **IT IS HEREBY ORDERED:**

1. The parties' Joint Motion for a Protective Order, ECF No. 22, is **GRANTED**.

**The Court enters the Protective Order as follows:**

1. The parties acknowledge that this case involves allegations related to the incarceration of Leroy Jerred at the Colville Tribal Correctional Facility (CTCF). Discovery in the lawsuit may require disclosure of training records for specific Colville Tribe employees, held by the Bureau of Indian Affairs. Such records are protected by the Privacy Act, 5 U.S.C. § 522a.

2. The above-referenced information, documents and/or evidence may be relevant to claims and defenses of the parties in this litigation and may be requested in discovery. Therefore, the parties stipulate to the entry of a protective order which include the following directives and agreements by the parties:

   a. Use of any information or documents labeled as "Protected" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any other purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation.

   b. If portions of documents or other materials deemed "Protected" are filed with the Court, they shall be filed under seal and marked accordingly. The parties acknowledge that this Protective Order may not entitle them to permanently seal all documents or information marked "Protected" filed with the Court.

   c. In seeking to file a document under seal, the parties understand there is a strong presumption in the Ninth Circuit in favor of access to court records and that sealing a document from public view is the

**ORDER GRANTING JOINT MOTION FOR A PROTECTIVE ORDER * 2**

exception. In addition, the parties understand that the Court will evaluate any motion to seal either under a finding of good cause for non-dispositive motions or a compelling reason supported by specific facts for dispositive motions. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). The designating party bears the burden to establish the facts necessary to seal such information or documents.

d.    If the designating party is filing with the Court documents or information that it marked "Protected," it shall file a motion to seal that sets forth the specific facts necessary to justify the sealing of the documents or information.

e.    Use of any information, documents, or portions of documents marked "Protected," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are added by the stipulation of counsel or authorized by the Court:

1.    Counsel of record for the parties and the administrative staff of such counsel.

2.    Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

3.    Independent consultants or expert witnesses (including partners, associates, and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

4.    The Court and its personnel, including, but not limited to,

**ORDER GRANTING JOINT MOTION FOR A PROTECTIVE ORDER * 3**

stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

5. The authors and the original recipients of the documents.

6. Any court reporter or videographer reporting a deposition.

7. Employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this action.

8. Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

9. Any fact witness in this matter to whom disclosure is reasonably necessary.

10. Any other person with the prior written consent of the designating party.

f. Notwithstanding the above, the Court shall determine a party's right to use documents or information marked "Protected" at a hearing, trial, or other proceeding in this action. The Court may also require the redaction of personal identifiers of protected information before use at a hearing, trial, or other proceeding in this action. The designation of "Protected" shall not affect the Court's determination as to whether the material shall be received into evidence; nor shall such designation constitute the authentication of such material or a waiver of any right to challenge the relevance, confidentiality, or admissibility of such material. This Protective Order shall not govern

**ORDER GRANTING JOINT MOTION FOR A PROTECTIVE ORDER \* 4**

the admission of evidence at trial in open court. Should a designating party believe that documents, materials, or information designated as "Protected" should not be used in open court during trial, the designating party will have the burden to seek such protections from the Court prior to trial.

g. This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information.

h. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to, and use of, protected information, or other modifications, subject to order by the Court.

i. The restrictions on disclosure and use of "Protected" information shall survive the conclusion of this action.

j. At the conclusion of this lawsuit, all the documents marked as "Protected" shall be returned to counsel designating the documents and/or destroyed by recipient counsel.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 6th day of November 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING JOINT MOTION FOR A PROTECTIVE ORDER * 5**